J-S49042-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| FRANKIE LEE HEARNS | |
| Appellant | No. 426 EDA 2014 |

Appeal from the Order Entered January 6, 2014
In the Court of Common Pleas of Bucks County
Criminal Division at No: CP-09-CR-0004486-1985

BEFORE:  OLSON, OTT, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED OCTOBER 14, 2014**

Appellant, Frankie Lee Hearns, appeals *pro se* from the January 6, 2014 order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affim.

The trial court, sitting as fact finder, found Appellant guilty of first degree murder, robbery,[1] and related offenses after a two-day bench trial that concluded on February 27, 1986.  The trial court imposed a sentence of life imprisonment for murder and a concurrent ten to twenty years of imprisonment for robbery.  This Court affirmed the judgment of sentence on January 22, 1990.  The Pennsylvania Supreme Court denied allowance on

_____

[1] 18 Pa.C.S.A. §§ 2502 and 3701, respectively

appeal on October 31, 1990. Appellant did not seek review in the United States Supreme Court.

On May 31, 2012, Appellant filed the instant PCRA petition, his first. Appointed counsel filed an amended petition on June 24, 2013. On November 20, 2013, the PCRA court filed its notice of intent to dismiss the petition without a hearing. On January 6, 2014, the PCRA court entered orders dismissing Appellant's petition and permitting counsel to withdraw pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). This timely appeal followed.

The PCRA court found that it lacked jurisdiction because Appellant's petition is untimely and none of the PCRA's timeliness exceptions apply. The PCRA provides:

b) Time for filing petition.

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States

or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b). Section 9545's timeliness provisions are jurisdictional. **Commonwealth v. Ali**, 86 A.3d 173, 177 (Pa. 2014).

Since Appellant's sentence became final prior to the 1995 amendments to the PCRA, Appellant had until January 16, 1997 to file a timely first petition.[2] Appellant filed his *pro se* petition more than 12 years late.

Appellant's *pro se* brief offers no argument to support the applicability of any of the PCRA's timeliness exceptions. Rather, he sets forth three issues he concededly raises for the first time on appeal. Appellant's Brief at 5.[3] Since the PCRA court correctly found that it lacks jurisdiction over Appellant's petition, we affirm the order on appeal.

_____

[2] As our Supreme Court explained:

The 1995 amendments to the PCRA provided that a first-time PCRA petitioner whose judgment of sentence became final on direct appeal on or before the effective date of the amendments could file a first PCRA petition within one year of the effective date of the amendments (January 16, 1996). **See** Section 3(1) of the Act of Nov. 17, 1995 (Spec. Sess. No. 1) P.L. 1118, No. 32. Thus, as a 'Grandfather Clause,' every prisoner who had not previously brought a petition for collateral relief, could file a first petition by January 16, 1997, and said petition would be timely without regards to the date of final judgment.

**Commonwealth v. Gamboa-Taylor**, 753 A.2d 780, 782 n.2 (Pa. 2000).

[3] The PCRA court correctly observes in its opinion that Appellant was 19 years old at the time he committed the offenses and therefore is not eligible
*(Footnote Continued Next Page)*

J-S49042-14

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/14/2014

---

*(Footnote Continued)* ————————————

for relief under the United States Supreme Court's opinion in ***Miller v. Alabama***, 132 S. Ct. 2455 (2012). In ***Miller***, the Supreme Court held that mandatory life imprisonment sentences are unconstitutional as applied to juvenile offenders. ***Id.*** at 2469. This Court has refused to extend the holding in ***Miller*** to persons more than eighteen years old at the time of the offense. ***Commonwealth v. Cintora***, 69 A.3d 759, 764 (Pa. Super. 2013), *appeal denied*, 81 A.3d 75 (Pa. 2013). Moreover, our Supreme Court has held that ***Miller*** does not apply retroactively. ***Commonwealth v. Cunningham***, 81 A.3d 1 (Pa. 2013).